# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

|  |  |  |
|---|---|---|
| Plaintiff, | : | Case No. 1:02-cr-007 |
|  |  | Also 1:16-cv-538 |
|  |  |  |
|  |  | District Judge Susan J. Dlott |
| - vs - |  | Magistrate Judge Michael R. Merz |

CLAYTON LEE WAAGNER,

Defendant.                     :

---

# REPORT AND RECOMMENDATIONS

---

The matter is before the Court for initial consideration under Rule 4 of the Rules Governing § 2255 Motions of Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 109).  Judge Dlott referred the case to the Magistrate Judge on Waagner's prior § 2255 Motion to Vacate (ECF No. 92).  Rule 4(b) provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

Waagner notes that this is his second-in-time § 2255 Motion, but argues on the basis of § 2255(f)(3) that it is not second-or-successive because it is based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which was decided less than a year ago (ECF No. 109, PageID 1193). Section 2255(f)(3) provides that motions to vacate arising from rights newly recognized by the Supreme Court must be filed within one year of the date of recognition. The Court agrees that motions to vacate based on *Johnson* are timely if filed by June 26, 2016, the anniversary of the *Johnson* decision. In *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016), the Supreme Court supplied the retroactivity element needed to make § 2255(f)(3) the applicable statute of limitations provision.

The limitation on second or successive § 2255 motions to which Waagner adverts is § 2255(h) which provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A second-in-time motion is not second or successive if it raises a claim that was not ripe when the first motion was decided. *Panetti v. Quarterman,* 551 U.S. 930 (2007). Waagner's first § 2255 motion was decided September 17, 2014 (ECF No. 103). Because the instant Motion raises a *Johnson* claim, it is not second or successive.

Waagner states his *Johnson* claim thus: "Because Petitioner was sentenced under 18 U.S.C. § 924(e)(1) based on prior convictions that only qualified under the residual clause, which was held unconstitutional in *Johnson*, his sentence must now be vacated, and the case set for resentencing." (ECF No. 109, PageID 1193).

The pertinent portion of 18 U.S.C. § 924(e) declared unconstitutional in *Johnson* is the boldfaced language below, hereinafter referred to as the "Residual Clause":

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**;

Waagner was indicted in this case on six counts, four of which included the specification that he had previously been of convicted of three or more violent felonies. He was convicted on all counts and sentenced to 235 months imprisonment, consecutive to a sentence imposed in Illinois. Although his classification as an armed career criminal was not an issued on appeal, the Sixth Circuit found "[i]n 1979, Waagner was convicted of aggravated burglary in both Atlanta, Georgia and in Cleveland, Ohio. In 1992, Waagner was convicted of attempted robbery in Eaton, Ohio." *United States v. Waagner,* No. 02-3953, 104 Fed. Appx. 521, 522, n.1, 2004 U.S. App. LEXIS 14888 (6th Cir. July 14, 2004)(unpublished; copy at ECF No. 87).

To bring himself within *Johnson*, Waagner adverts to the Presentence Report ("PSR") which he says identified four predicate offenses (ECF No. 109, PageID 1193-94). That paragraph is actually part of the PSR section involved with calculating the base offense level under the Sentencing Guidelines and reads:

25.  Pursuant to U.S.S.G. §2K2.1(a)(2), the base offense level is 24 because the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.  Specifically, the defendant was convicted of the following felony offenses on the indicated dates:  (Burglary) (two counts) on January 18, 1979 in Fulton County, Georgia Superior Court (Case Number A42899); Aggravated Burglary on July 31, 1979 in Cuyahoga County, Ohio Court of Common Pleas (Case Number:  CR-41373); Aggravated Burglary on July 31, 1979 in Cuyahoga County, Ohio Court of Common Pleas (Case Number CR-43074); and Attempted Robbery on April 27, 1992 in Preble County, Ohio Court of Common Pleas (Case Number: 91-CR-006898).

Waagner admits "that the three Ohio crimes counted as an ACCA [Armed Career Criminal Act] precidate [sic] offense based on 6th Circuit precedent.  However both Ohio Burglary and Ohio's attempt statute, which Petitioner was convicted under, only qualified as an ACCA predicate offense under the now defunct 'Residual Clause.'"  (ECF No. 109, PageID 1194.)

As to burglary, Waagner relies on *United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011), where the Sixth Circuit held that burglary as proscribed by Ohio Revised Code § 2911.12(A)(3) qualifies as a violent felony under the Residual Clause.  The Sixth Circuit held

Although burglary is an enumerated example of a "violent felony," see 18 U.S.C. § 924(e)(2)(B)(ii), Ohio's third-degree burglary statute proscribes conduct broader than the Supreme Court's definition of "generic burglary," which—for § 924(e) purposes—means "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599 (emphasis added). Under Ohio law, an "occupied structure" includes any "house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter." O.R.C. § 2909.01(C). Thus, Ohio's third-degree burglary statute sweeps more broadly than generic burglary because it "includ[es] places, such as automobiles and vending machines, other than buildings." *United States v. Holycross,* 333 F. App'x 81, 85 (6th Cir. 2009)

4

(quoting Taylor, 495 U.S. at 598); see *United States v. Lane*, 909
F.2d 895, 902 (6th Cir. 1990).

655 F. 3d at 482.

Waagner was not convicted of burglary under Ohio Revised Code § 2911.12(A)(3).
Rather, he was convicted twice in Cuyahoga County in 1979 of aggravated burglary in violation
of Ohio Revised Code § 2911.11. However, that statute incorporates from Ohio Revised Code §
2909.01 the same definition of "occupied structure" as is found in the burglary statute found in
*Coleman* to exceed the Supreme Court's definition of generic burglary. It appears, therefore,
that Waagner is correct that his two July 1979 aggravated burglary convictions in Cleveland do
not qualify as violent offenses under 18 U.S.C. § 924(e)(1).

Waagner cites no authority with respect to his attempted robbery conviction. The Entry
of conviction on that charge appears at PageID 1202 and shows that Waagner was charged with
robbery under Ohio Revised Code § 2911.02 and was permitted to plead guilty to the lesser
included offense of attempted robbery under Ohio Revised Code § 2923.02(A) "as it relates to
robbery." *Id.* . Ohio Revised Code § 2911.02 contains as an element the use, threatened use, or
attempted use of force and therefore qualifies categorically as a violent felony under §
924(e)(2)(B)(i). While a plea to attempted robbery reduces the degree of the offense, it does
nothing to eliminate the violence element. Attempted robbery qualifies categorically as a violent
offense under § 924(e).

With respect to the 1979 burglary convictions in Fulton County, Georgia, the indictment
charges Waagner with entering the dwelling houses of J.L. Gleason on November 28, 1978, and
Charles B. Neal on November 29, 1978, with the intent to commit theft. While no statutory
citation is given in the indictment, the words of the indictment charge an offense within the

5

generic burglary definition the Supreme Court adopted in *Taylor v. United States*, 495 U.S. 575 (1990). Waagner has produced no authority suggesting that the Georgia burglary statute is broader than that generic definition.

Thus although Waagner's Ohio burglary convictions enumerated in ¶ 25 no longer count as predicate offenses under the ACCA, the same paragraph enumerates three other violent felony convictions: attempted robbery in Ohio and two Georgia burglary convictions.

**Other Felony Convictions**

The gap in Waagner's logic is revealed by the next step in his argument. He says "it is clearly established that the Court used three specific predicate offenses to sentence Petitioner under 18 U.S.C. § 924(e)," referring to PSR ¶ 25. That is not clear. First of all, there are four felony convictions enumerated in ¶ 25. Second, ¶ 25 is written to substantiate the Probation Department's calculation of the base offense level, not to satisfy the ACCA requirement.

Other prior felony convictions reported to Judge Dlott in the PSR which on their face appear to satisfy 18 U.S.C. § 924(e)(1) are (1) a 1975 conviction for statutory burglary in Virginia (PSR § 45); (2) a 1975 conviction for distribution of marijuana in Maryland (PSR ¶ 46); and (3) a 1978 conviction for burglary in Georgia (PSR ¶ 49). Waagner has not established that the Court did not rely on these prior convictions to satisfy the ACCA requirement.

Waagner claims that the Georgia burglary statute is "divisible in that it includes numerous acts that do not qualify as generic burglary." Waagner has not provided the statute or even a citation to the statute, but relies on *Cosby v. Jones*, 682 F.2d 1373 (11th Cir. 1982), which he says shows "Georgia used it's [sic] burglary statute to convict a defendant of things far

6

outside of generic burglary, things such as possession of stolen property and possession of burglary tools." (ECF No. 109, PageID 1198).  Not so.  Cosby was convicted of burglary.  His possession of property recently stolen in a burglary was used to support the inference he had committed the burglary.  *Cosby*, 682 F.2d at 1379-82.  Nothing in the *Cosby* opinion leads to the conclusion that the Georgia burglary statute is "divisible."

Waagner makes the same argument about the Virginia burglary conviction – that it exceeds generis burglary – with no citation at all.  He concludes that both the Georgia and Virginia convictions "never had a proper predicate examination by the Court, so would need to [be] properly evaluated before it could be applied as an ACCA predicate offense in this matter." (ECF No. 109, PageID 1199.)

More fundamentally, Waagner's arguments about predicate offenses other than the Ohio burglary convictions are barred by the ban on second or successive motions raising the same claim as was raised before.  Waagner's claims about the divisibility of the Georgia and Virginia statutes are based on Supreme Court precedent other than *Johnson* and therefore are not newly arisen based on that case.  Indeed, in his prior § 2255 Motion, his first claim -- that he was not properly classified as an armed career criminal -- was based on *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (Motion, Doc. No. 91, PageID 21-33).  In recommending the prior Motion be denied because it was untimely filed, the Magistrate Judge wrote:

> A predicate to the application of § 2255(f)(3) is that the Supreme Court initially recognize a right and make it retroactive to cases pending on collateral review. The United States argues *Descamps* did not recognize a new right. Indeed, the [Supreme] Court held its decision was governed by its prior decisions in *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States,* 544 U.S. 13 (2005); *Nijhawan v. Holder*, 557 U.S. 29 (2009); and *Johnson v. United States*, 559 U.S. 133 (2010).

(Report and Recommendations, ECF No. 102, PageID 1155-56.)  In the instant Motion, Waagner makes arguments based on *Taylor* and *Shepard* which were available to him when he filed his prior Motion and, as to *Taylor*, when he filed his direct appeal.

The fact that claims under *Johnson* are newly arisen does not authorize a § 2255 movant to raise non-*Johnson* claims which were or could have been raised before.

**Conclusion**

As to Wagner's claims made under *Johnson*, this Court has jurisdiction to decide them on the merits because they are newly-arisen and also timely under 28 U.S.C. § 2255(f)(3). Exercising that jurisdiction, the Court should conclude that Waagner's Ohio burglary convictions do not constitute ACCA predicate offenses because Ohio's burglary statute comes within 18 U.S.C. § 924(e) only by virtue of the now unconstitutional Residual Clause.  No relief should be granted, however, because there are ample additional violent felony offenses in Waagner's record, as it appears in the PSR, to justify his classification as an armed career criminal.

As to Waagner's non-*Johnson* claims, the Motion is second or successive.

The Motion should therefore be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 16, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

8

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).