# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:02-cr-007
                                            Also 1:16-cv-538

                                            District Judge Susan J. Dlott
   -  vs  -                            Magistrate Judge Michael R. Merz

CLAYTON LEE WAAGNER,

                Defendant.     :

## TRANSFER ORDER

The case is before the Court on Motion of the United States to Dismiss or Transfer Mr. Waagner's pending § 2255 Motion to the Court of Appeals (ECF No. 114) and Waagner's Response (ECF No. 116).

The Government asserts Waagner has previously filed a § 2255 motion collaterally attacking the judgment in this case. It notes his § 2255 Motion of January 14, 2014 (ECF No. 91) and that that Motion was dismissed with prejudice on the merits as barred by the statute of limitations (ECF Nos. 102, 103). It notes also Waagner's instant § 2255 Motion was filed May 10, 2016 (ECF No. 109) and is plainly second in time.

The Government argues this Court lacks jurisdiction over Waagner's § 2255 Motion because it is not just second in time, but "second or successive" within the meaning of 28 U.S.C. § 2255(h). If indeed it is properly classified in that way, this Court lacks jurisdiction to consider

1

it on the merits. See *Burton v. Stewart*, 549 U.S. 147 (2007)(noting lack of jurisdiction to consider a second or successive habeas corpus petition under 28 U.S.C. § 2254).

As the Government concedes, not every second in time § 2255 motion or habeas petition is second or successive. In *In re: Curtis Jones*, 652 F.3d 603 (6th Cir. 2010), the court held:

> [N]ot every numerically second habeas petition is subject to these gatekeeping procedures. Instead, in a series of post-AEDPA cases, the Supreme Court has confirmed that a numerically second petition is not properly termed "second or successive" to the extent it asserts claims whose predicates arose after the filing of the original petition. The statutory phrase "second or successive petition," the Court has emphasized, is a "term of art given substance" in the Court's prior habeas cases. *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). So in *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849, the Court held that a capital prisoner's claim that he was incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986), was not barred even though a prior petition raising the same claim had been dismissed because the claim was unripe. *See* 523 U.S. at 644-45. And in *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007), the Court removed any implication that *Martinez-Villareal* applied only to a claim raised in a prisoner's initial petition. There, the prisoner's numerically second petition asserted a *Ford* claim that had been omitted from his initial petition. The Court held that the claim was not successive, rejecting "[a]n empty formality requiring prisoners to file unripe *Ford* claims" in an initial habeas petition in order to be able to pursue them in a subsequent petition. *Id*. at 946. In doing so, the Court relied on pragmatic concerns, observing that "[i]nstructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources" or vindicate any other policy of federal habeas law. *Id.*

*Id.* at 605. Although we have no merits jurisdiction over a second or successive habeas petition or § 2255 motion, the district court must decide in the first instance whether a petition or § 2255

2

motion is second or successive. *In re Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). Moreover, once we have made that determination, the proper next step is to transfer the case to the Court of Appeals rather than dismissing it for lack of jurisdiction. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Waagner argues the Magistrate Judge has already decided the instant § 2255 Motion is not second or successive (Response, ECF No. 116, citing Report and Recommendations, ECF No. 110, PageID 1208). The Magistrate Judge previously wrote:

> A second-in-time motion is not second or successive if it raises a claim that was not ripe when the first motion was decided. *Panetti v. Quarterman,* 551 U.S. 930 (2007). Waagner's first § 2255 motion was decided September 17, 2014 (ECF No. 103). Because the instant Motion raises a *Johnson* claim, it is not second or successive.

*Id.* However, this proposed ruling never became the law of the case because it was withdrawn when Judge Dlott recommitted the case (ECF No. 113).

Moreover, the Government's Motion to Dismiss persuades the Magistrate Judge he was in error in this proposed ruling. *Panetti, supra,* was based on the occurrence of relevant facts – petitioner's asserted incompetence to be executed – which arose after his initial habeas petition. In other words, it was based on new facts which could not have been litigated when the first petition was pending. Waagner's claim is based on new law – the decisions in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague, and *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016), where the Court *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. Thus Waagner's claim fits precisely within 28 U.S.C. § 2255(h)(2) –

3

it is a claim that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Accordingly, it is hereby ORDERED that the instant § 2255 Motion be, and it hereby is, TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for that court's determination of whether this Court may proceed to adjudicate the merits of the Motion.

August 23, 2016.

s/ *Michael R. Merz*<br>
United States Magistrate Judge