# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 1:02-cr-007
                                          Also 1:16-cv-538

                                          District Judge Susan J. Dlott
- vs -                           Magistrate Judge Michael R. Merz

CLAYTON LEE WAAGNER,

           Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Clayton Waagner's second Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 109).

On Motion of the United States to Dismiss for lack of jurisdiction, the Court transferred this case to the Court of Appeals for the Sixth Circuit for a determination of whether the matter could proceed since it was a second-or-successive 2255 motion (Transfer Order, ECF No. 117). The Sixth Circuit determined that Waagner's second Motion to Vacate makes a prima facie showing that he may be entitled to relief, authorized this Court to proceed, and transferred the case back to this Court (ECF No. 118). The United States filed an Answer (ECF No. 120) and Waagner has responded (ECF No. 121), making the Motion to Vacate ripe for decision.

As the Government argues, the Sixth Circuit's grant of permission to proceed merely gives the District Court jurisdiction over a second-or-successive § 2255 Motion and does not

1

constitute a ruling on the merits or shift the burden of persuasion to the United States (Answer, ECF No. 120, n. 1, PageID 1276-77). This Court's review on the merits is therefore *de novo*.

Waagner pleads a single claim for relief said to arise from *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), where the Supreme Court found the so-called residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).

Waagner states his *Johnson* claim thus:

> Because Petitioner was sentenced under 18 U.S.C. § 924(e)(1) based on prior convictions that only qualified under the residual clause, which was held unconstitutional in *Johnson*, his sentence must now be vacated, and the case set for resentencing. Petitioner was sentenced as an Armed Career Criminal (ACC) based on the now unconstitutional residual clause . . .

(ECF No. 109, PageID 1193.)

The pertinent portion of 18 U.S.C. § 924(e) declared unconstitutional in *Johnson* is the boldfaced language below, hereinafter referred to as the "Residual Clause":

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements" clause]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated offenses" clause], or

> **otherwise involves conduct that presents a serious potential
> risk of physical injury to another [the residual" clause];**

Waagner was indicted in this case on six counts, four of which included the specification that he had previously been convicted of three or more violent felonies. He was convicted on all counts and sentenced to 235 months imprisonment, consecutive to a sentence imposed in Illinois. Prior to sentencing, of course, the Court received a Presentence Investigation Report ("PSR"). Waagner's Motion notes that the PSR concluded the four felonies listed in the Indictment were all violent felonies and claims these are the predicate offenses relied on by Judge Dlott in sentencing. Judge Dlott did not specify which prior convictions she was relying on, but she adopted the PSR with exceptions not pertinent here (Statement of Reasons, ECF No. 75, PageID 2).[1]

Actually, ¶ 25 was concerned with calculating Waagner's base offense level under the Sentencing Guidelines and listed **five** prior felony convictions: two counts of burglary in Fulton County, Georgia, on January 18, 1979; aggravated burglary on July 31, 1979 in Cuyahoga County, Ohio; aggravated burglary on the same date in Cleveland under a separate case number; and attempted robbery on April 27, 1992, in Preble County, Ohio.

Waagner notes that "[t]here is no place in the record where it is indicated that any thought was given to the statutory qualifications of Petitioner's predicate offense." (Motion, ECF No. 109, PageID 1194.) He notes further that no statute of conviction is given in the PSR or the Georgia indictment or sentencing papers. "Therefor [sic] it is a reasonable assumption that only the three qualifying Ohio predicates were used to sentence Petitioner as an Armed Career Criminal." *Id.* Waagner then proceeds to argue why the three Ohio predicate offenses, although

---

[1] Because of the age of this case, only certain pre-September 2003 filings have been digitized. Hence the low PageID number.

3

they qualified at the time of sentencing under the residual clause, no longer qualify because that clause is unconstitutionally vague per *Johnson*. *Id.*

The first part of this Report assumes *arguendo* that Judge Dlott relied only on the five felonies listed in ¶ 25 and analyzes them for their qualification under the ACCA.

**1978 Aggravated Burglaries in Ohio**

Waagner argues these two convictions qualify as predicate offenses only under the residual clause, relying on *United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011). In that case the Sixth Circuit concluded that a conviction under Ohio Revised Code § 2911.12(A)(3) did not qualify under the enumerated offenses clause: because it "swept more broadly than generic burglary," it qualified under the residual clause only.

The United States rejoins that Waagner was convicted in both these cases of violating Ohio Revised Code § 2911.11(A)(3) which prohibited trespass in an occupied structure with purpose to commit theft or any felony if "the occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present." This Court and other federal courts in Ohio have held convictions under this subsection qualify as generic burglary under the elements clause. *United States v. Wright*, No. 3:04-cr-003, 2016 U.S. Dist. LEXIS 152592, *6-*10 (S.D. Ohio November 3, 2016) (addressing 1992 burglary convictions under Ohio Revised Code § 2911.12(A)(2), which contained similar "permanent or temporary habitation" when the "person is present or likely to be present" provision); *United States v. Wright*, No. 3:04-cr-003, 2016 U.S. Dist. LEXIS 161837, *4-*6 (November 22, 2016) (supplemental report and recommendation addressing objections and re-

4

affirming initial conclusion); *United States v. Greer*, No. 1:06-CR-559, 2016 U.S. Dist. LEXIS 176634, *5-*12 (N.D. Ohio December 21, 2016); *United States v. Miller*, 1:07-CR-451, 2016 U.S. Dist. LEXIS 95855, *6-*15 (N.D. Ohio July 22, 2016); *United States v. Barclay*, No. 5:13-CR-3, 2016 U.S. Dist. LEXIS 89494, *6-*28 (N.D. Ohio July 11, 2016).

Waagner's rejoinder is that *Coleman* is still good law and "[o]ther circuits have now agreed with the Sixth Circuit reguarding [sic] Ohio burglary. . . ." (Response, ECF No. 121, PageID 1296.) The Court agrees that *Coleman* is good law, but only with respect to the burglary statute it addressed. Waagner was twice convicted in 1979 under Ohio Revised Code § 2911.11(A)(3) which satisfies the elements clause. Thus these two aggravated burglaries continue to count as qualifying ACCA predicate offenses.

**1978 Burglaries in Georgia**

The PSR at ¶ 25 also reported convictions for two separate Georgia burglaries. In his Motion Waagner argued that the statutes of conviction were not shown in the PSR or the papers from those cases which he filed.

In its Answer, the United States provides precedent that, although the burglary statute in Georgia at the time was broader than generic burglary, Georgia law treats the specific location of the burglary as an element of the crime and thus the burglary statute is divisible. *Gatson v. United States*, No. CR412-160, 2016 U.S. Dist. LEXIS 66177 (S.D. Ga. May 19, 2016), adopted 2016 U.S. Dist. LEXIS 76528 (S.D. Ga. June 13, 2016). In these two Georgia cases, Waagner was charged and convicted specifically with entering the dwelling places of J.L. Gleason and Charles B. Neal. Thus these two Georgia convictions also qualify as predicate offenses.

Waagner argues the Georgia burglaries should not be counted because in 1979 Georgia "used it's burglary statute to convict a defendant of things far outside of generic burglary, things such as possession of stolen property from a burglary and possession of burglary tools." (ECF No. 109, citing *Cosby v. Jones*, 682 .F.2d 1373 (11th Cir. 1982)). *Cosby* is not on point; it does not decide whether the Georgia burglary statute is or is not generic burglary. Instead, in a habeas corpus case, it decided that proof of possession of stolen goods was, in itself, insufficient to prove either burglary.

Waagner also claims in his Motion that there was systemic ineffective assistance of trial counsel in Georgia at the time and he has filed a writ of error *coram nobis* in Georgia to vacate these convictions. As of the time of his Reply, he does not report success on that writ, so the convictions remain prima facie valid.

**1979 Attempted Robbery in Eaton, Ohio**

As Waagner's Motion confirms, he was indicted for robbery in Preble County, Ohio, for his robbery of a clerk at a truck stop, in which he stole $883. The indictment was for robbery under Ohio Revised Code § 2911.02(A)(See plea and sentencing entries, ECF No. 109, PageID 1202-03). That statute defines the crime of robbery as the use of force against another in committing or attempting to commit a theft offense. Thus the statute satisfies the "elements" clause of the ACCA, a point Waagner does not dispute.

Waagner argues, however, that he was not convicted under Ohio Revised Code § 2911.02, but under Ohio's attempt statute, Ohio Revised Code § 2923.02(A), a fact confirmed by the plea and sentencing entries referenced above (PageID 1202-03). The attempt statute does not

6

contain an element of the use of force and thus this conviction does not qualify as a predicate offense, Waagner argues (ECF No. 109, PageID 1196).

In its Answer, the United States notes that Waagner was convicted of attempt "as it relates to robbery", language that appears in both the plea and sentencing entries. The Sixth Circuit has expressly held that an attempted robbery conviction satisfies the elements clause of the ACCA. *United States v. Mansur*, 375 Fed. Appx. 458 (6th Cir. 2010).

The use of the attempt statute in Waagner's case is reflective of common Ohio criminal practice since Ohio criminal law was recodified in 1974. As the plea and sentencing entries reflect, Waagner's conviction was the result of a plea bargain. Ohio Revised Code § 2923.02(E)(1) provides in pertinent part "An attempt to commit any other offense [aside from offenses expressly listed] is an offense of the next lesser degree than the offense attempted." Thus it is an absolutely ubiquitous practice for prosecutors to offer and defendants to accept a "plea to the attempt" which avoids trial and lessens a defendant's sentence exposure to the next lesser degree.[2] It is for this reason that the plea and sentencing entries refer to "attempt as it relates to robbery" so that the degree of conviction is the next lesser degree than a conviction for robbery itself.

In his Response, Waagner cites *United States v. Bilal*, 610 Fed. Appx. 569 (6th Cir. 2015). *Bilal* is a very short unpublished decision on direct appeal[3] shortly after *Johnson* was decided. Without quoting or even citing the statute of conviction, the court concluded "Bilal's 1995 offense did not include" a use of force element. Ohio Revised Code § 2911.01, Ohio's

---

[2] With codification, almost all Ohio crimes were classified as first, second, third, or fourth degree felonies or first, second, third, fourth, or minor misdemeanors. Some offenses, e.g., aggravated murder and passing a stopped school bus, were outside the scheme. Over the forty-plus years since codification, the classifications have been expanded (e.g. fifth degree felonies) and the lines blurred, but the overall effect is a much more orderly system than the federal criminal statues, which have never been properly codified.

[3] *Johnson* was not held to be retroactive until 2016.

aggravated robbery statute could be violated by using a deadly weapon ((A)(1)) or inflicting or attempting to inflict serious physical harm ((A)(3)).  A conviction under either of those subsections would satisfy the elements clause.  However, the statute could also be violated by having dangerous ordnance, with or without the threat of use ((A)(2).  Arguably a conviction under (A)(2) would not satisfy the elements clause, but one cannot tell from the opinion which subsection was involved.

Furthermore the decision reflects a conviction for attempted aggravated robbery without indicating if the conviction was directly under Ohio Revised Code § 2911.01 or under the attempt statute, Ohio Revised Code § 2923.02.  The authoring judge was a senior district judge sitting by designation from Florida, and thus presumably would not have known of the ubiquitous Ohio plea bargaining process outlined above.

Unpublished decisions of the Sixth Circuit are not binding precedent. *Fonseca v. CONRAIL*, 246 F.3d 585, 591 (6th Cir. Ohio 2001); 6th Cir. R. 28(g); *Salamalekis v. Commissioner of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir. 2000); *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007); *TriHealth, Inc., v. Bd. of Comm'rs, Hamilton Cty., Ohio*, 430 F.3d 783, 789 (6th Cir. 2005).  Given the brevity of analysis outline above, this Court also finds *Bilal* unpersuasive.

Waagner's conviction for "attempt as it relates to robbery" also qualifies as a predicate conviction under the elements clause.

**Other Prior Convictions**

To this point this Report has assumed *arguendo* that Judge Dlott relied only on the five felonies listed in ¶ 25 as qualifying predicate offenses for Waagner's ACCA sentence. But the PSR lists other prior felonies as well.

The Government argues that Waagner's conviction for statutory burglary in Virginia in 1975 qualifies as a generic burglary under the enumerated offenses clause (Answer, ECF No. 120, PageID 1286, citing *United States v. Major*, No. 1:11-CR-16, 2016 U.S. Dist. LEXIS 98312 (E.D. Va. July 27, 2016) (holding that defendant's three prior convictions for statutory burglary under Virginia law were generic burglaries qualifying him as an ACC); *Blackwell v. United States*, No. 4:10-cr-00012, 2016 U.S. Dist. LEXIS 138839 (W.D. Va. Oct. 6, 2016); *but see United States v. Brown*, 7:12-CR-26, 2017 U.S. Dist. LEXIS 1815 (W.D. Va. January 6, 2017) (reaching opposite conclusion)).

The PSR at ¶ 46 also reflects a 1975 conviction for distribution of marijuana. As the Government concedes, it is not possible to conclude on the basis of records in the Court's possession whether this was a "serious drug offense" for ACCA purposes.

Because analysis of the five convictions referenced in ¶ 25 is sufficient for deciding Mr. Waagner's Motion, no further analysis of these additional prior convictions need be made.

**Conclusion**

At the time of sentencing, Clayton Waagner had five prior convictions for violent felonies that qualified as predicate offenses under the ACCA. Since only three are required, his instant § 2255 Motion is without merit and should be DISMISSED WITH PREJUDICE.

9

Because reasonable jurists would not disagree with this conclusion,[4] Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 24, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

---

[4] Although the undersigned disagrees with the decision in *Bilal*, *supra*, it was of course rendered by three reasonable jurists. But even if Waagner's conviction for "attempt as it relates to robbery" were eliminated, there would still be four predicate convictions. Thus reasonable jurists would not disagree on the ultimate conclusion.