# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 1:02-cr-007
                                        Also 1:16-cv-538

                                        District Judge Susan J. Dlott
   - vs -                          Magistrate Judge Michael R. Merz

CLAYTON LEE WAAGNER,

        Defendant.     :

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Clayton Waagner's second Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 109). The case had been referred to Magistrate Judge Michael R. Merz on Mr. Waagner's first § 2255 Motion (ECF Nos. 91, 92) and remained referred on the filing of the second § 2255 motion.

Having determined the pending § 2255 motion was a second-or-successive such motion, Judge Merz transferred it to the Sixth Circuit for a determination on whether it could proceed (ECF No. 117). After the court of appeals gave permission (ECF No. 118), Judge Merz ordered the United States to answer (ECF No. 119). The United States opposed granting relief (Response in Opposition, ECF No. 120). Magistrate Judge Merz then filed a Report and Recommendations recommending that the § 2255 Motion be dismissed with prejudice ("Report," ECF No. 124). Mr. Waagner has filed timely Objections (ECF No. 125) and the case is before

1

the Court for de novo review under Fed. R. Civ. P. 72(b)(3) based on those objections. The Report correctly notes that the Sixth Circuit's order merely grants this Court jurisdiction to proceed and does not constitute an opinion on the merits.

The § 2255 Motion arises from *Johnson v. United States,* 576 U.S. ___, 135 S. Ct. 2551 (2015), where the Court declared the residual clause of the Armed Career Criminal Act (ACCA) unconstitutional. Mr. Waagner was sentenced under the ACCA but claims it was on the basis of prior convictions that only qualified as violent felonies under the residual clause (Motion, ECF No. 109, PageID 1193).

Although the Court did not specify what prior convictions it was relying on when imposing sentence in 2002, the Court did adopt the Presentence Investigation Report which listed five prior felony convictions: two counts of burglary in Fulton County, Georgia, on January 18, 1979; aggravated burglary on July 31, 1979 in Cuyahoga County, Ohio; aggravated burglary on the same date in Cleveland under a separate case number; and attempted robbery on April 27, 1992, in Preble County, Ohio. (PSR ¶ 25).

**Ohio Aggravated Burglary Convictions**

Waagner has two July 31, 1979, convictions for aggravated burglary in Ohio[1]. Waagner argued these two convictions did not qualify under the enumerated offenses clause of the ACCA, relying on *United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011).

The Answer of the United States attached the indictments in these two cases which show that Mr. Waagner was convicted in them of aggravated burglary in violation of Ohio Revised Code § 2911.11(A)(3). Relying on the indictments and a number of cases in this District and others finding the statutory language of Ohio Revised Code § 2911.11(A)(3) and similar

---

[1] These are referred to in the Report as "1979 Aggravated Burglaries in Ohio." (ECF No. 124, PageID 1306). The convictions are for separate offenses which occurred in 1978 and on which sentence was imposed on the same day, July 31, 1979. See PSR ¶¶ 48, 50

language in other Ohio burglary statutes qualifies as generic burglary, the Report concluded therefore are qualifying predicate convictions.[2] The Report found that *United States v. Coleman* was still good law, but only with respect to the statute it was examining, Ohio Revised Code § 2911.12(A)(3), Ohio's third-degree burglary statute.

Waagner objects that the Report on this point is inconsistent with Magistrate Judge Merz's May 16, 2016, Report which recommended dismissal of the § 2255 Motion but accepted the argument that his aggravated burglaries did not qualify (See ECF No. 110, PageID 1211). While Magistrate Judge Merz did not explain the inconsistency, the reason for it is apparent to the Court: the May 2016 Report was made upon initial review under Rule 4 of the Rules Governing § 2255 Motions. Magistrate Judge Merz did not have before him either the indictments in the Ohio aggravated burglaries or the citations of authority he relied on in the present Report, both of which were later provided by the United States in its Answer.

Mr. Waagner also cites *United States v. Fugate*, Case No. 3:09-cr-165 (S.D. Ohio Aug. 19, 2016), in which he says the Government conceded and Magistrate Judge Merz agreed with his position that "Ohio burglary is no longer an ACCA predicate offense." (Objections, ECF No. 125, PageID 1314). Upon examination of the docket in that case, the Court finds that upon recommittal Magistrate Judge Merz withdrew the relevant Report.

**1979 Attempted Robbery**

Mr. Waagner was indicted for robbery of a truck stop clerk in Eaton, Ohio, in 1979. The statute involved was Ohio Revised Code § 2911.02(A) which includes the use of force or threatened use of force against another while committing a theft offense. The statute on its face satisfies the elements clause of the ACCA. Magistrate Judge Merz found Mr. Waagner did not

---

[2] The Report says they qualify under the elements clause, but the correct finding is that they qualify under the enumerated offenses clause.

dispute that point, but claimed he was convicted under Ohio's attempt statute, Ohio Revised Code § 2923.02(A) which does not contain a force element.

The Report noted that Mr. Waagner was actually convicted of "attempt as it relates to robbery," and reflects the common Ohio plea bargaining process of "bargaining to the attempt " which lowers the degree of an offense by one level.

In the Report, the Magistrate Judge adequately distinguished *United State v. Bilal,* 610 Fed. Appx. 569 (6th Cir. 2015). In his Objections, Mr. Waagner relies as well on *United States v. Welch*, 774 F.3d 891 (6th Cir. 2014). In that case the Sixth Circuit held that a conviction for attempted failure to comply with the order or signal of a police officer qualified as a violent felony under the residual clause. Welch has no application to a conviction such as Waagner's for attempted robbery.

Mr. Waagner also relies on *United States v. Torres and Turner*, 2016 U.S. App. LEXIS 6094 (6th Cir. 2016). Defendant Turner had been sentenced under the ACCA in part on the basis of an Ohio robbery conviction. On direct appeal, the Sixth Circuit remanded for a determination of whether Turner had been convicted under Ohio Revised Code § 2911.02(A)(1) or (A)(3). It did not hold, as Waagner asserts, that robbery can only count as a violent felony under the residual clause "where no subsection to [Ohio Revised Code] § 2911.02" exists. (Objections, ECF No. 125, PageID 1315). Rather, it held that as an appeals court it could not make that determination from the papers before it.

**1978 Burglaries in Georgia**

The Report concluded these two prior convictions were under indictments which narrowed the Georgia burglary statute to charge burglary of a dwelling place and they therefore qualified as predicate violent felonies under the enumerated offenses clause and noted that a

4

federal court in Georgia had found the Georgia burglary statute was divisible within the meaning of *Mathis v. United States,* 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (June 23, 2016), (Report, ECF No. 124, PageID 1307).

Mr. Waagner objects that it is his position that "Georgia's burglary statute is both non-generic and indivisible." (Objections, ECF No. 125, PageID 1318.) However, he cites no contrary authority, although he asserts a relevant case is now pending in the Eleventh Circuit.

The state of the law at the present time is that the 1978 burglaries qualify as prior violent felonies.

**1975 Virginia Statutory Burglary**

The Report noted, as raised by the United States, that Waagner had been convicted of statutory burglary in Virginia in 1975 and concluded that conviction also qualified, citing two District Court cases to that effect, but one contrary decision. The Report, however, did not base its recommendation on any conclusion about this conviction because there are five other qualifying predicates (Report, ECF No. 124, PageID 1311). Mr. Waagner objects that it cannot be used, but the Court need not reach that question because the Magistrate Judge did not.

Mr. Waagner also contends that he has received relief under § 2255 from his ACCA conviction in the Middle District of Pennsylvania "based on the exact same circumstances and priors at issue here." (Objections, ECF No. 124, PageID 1319). However none of the papers or decision from that case have been placed before this Court to determine how persuasive they may be. Decisions of the District Court for the Middle District of Pennsylvania are not binding precedent here.

5

**Conclusion**

Conviction as an armed career criminal requires three qualifying prior convictions for violent felonies. The Report demonstrates that Mr. Waagner has at least five qualifying predicate offenses.

Having reviewed the Magistrate Judge's Report and Recommendations de novo in light of Defendant's Objections, the Court hereby ADOPTS the Report and Recommendations. Mr. Waagner's second § 2255 Motion (ECF No. 109) is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April _11_, 2017.

                __s/Susan J. Dlott_____
                 Susan J. Dlott
                 United States District Judge